**ANNEXATION TO THE CITY OF ANCHORAGE, ALASKA, OF THE ROGERS PARK AREA.**

**ANNEXATION TO THE CITY OF ANCHORAGE, ALASKA, OF THE MOUNTAIN VIEW AREA.**

**ANNEXATION TO THE CITY OF ANCHORAGE, ALASKA, OF THE EASTCHESTER AREA NUMBER ONE.**

**ANNEXATION TO THE CITY OF ANCHORAGE, ALASKA, OF THE EASTCHESTER AREA NUMBER TWO.**

**INCORPORATION OF THE VILLAGE OF EASTCHESTER as a City of the Second Class.**

Nos. A–9759, A–9756, A–9754, A–9755, A–9750.

District Court, Alaska
Third Division, Anchorage.

May 26, 1954.

Edgar Paul Boyko, Anchorage, Alaska, for petitioner Eastchester.

John L. Rader, Anchorage, Alaska, for City of Anchorage.

Ralph Cottis, Anchorage, Alaska, Attorney for protestants, Edward L. Arnell, Anchorage, Alaska, for protestant Hillstrand.

Burton C. Biss, Anchorage, Alaska, for protestant Lambert.

Seaborn J. Buckalew, Anchorage, Alaska, for protestant Spenard Public Utility Dist.

FOLTA, District Judge.

The foregoing cases were consolidated for the purpose of the hearing only. At the conclusion of the hearing, the Court ordered the elimination of the Norris and McInnis homesteads from the Rogers Park Annexation area and denied the petition for the incorporation of Eastchester as a Second Class city. The de-

---

nial of the petition was based on the facts that the area sought to be incorporated is a part of and undistinguishable from a large urban area which also embraces the City of Anchorage, and that experience teaches that an area of that kind is best served and administered by one municipality.

The petitioner city has long ago outgrown its boundaries to such an extent that the population of the adjacent area exceeds that of the city. Just outside of the corporate limits, numerous dives and like places have been operated with virtual impunity because of the lack of law enforcement in areas outside of incorporated towns. These create a major police problem for the city. From the initiation of the first annexation proceeding about a year ago, the city has encountered the most determined and unprecedented opposition. Every impediment and dilatory tactic has been employed by the opponents of annexation, except the homesteaders, to obstruct and harass the city in every move in connection with its efforts to extend its boundaries in the traditional manner to include the adjacent areas. Such opposition does not appear to be in the public interest or in good faith. Much of it stems from the operators of illicit and disreputable places who resist annexation in order to avoid police regulation. Their number is augmented by members of the armed forces who are here only for the period of their enlistment, assignment or tour of duty and who have no stake in the community or Territory and who, in the meantime, are desirous of avoiding all taxation.

■ I am of the opinion that the objection of the petitioner city to the protest of the Spenard Public Utility District in Cause No. A–9759, should be sustained on the ground that the protest was not authorized in accordance with Section 49–2–2, A.C.L.A.1949. I am also of the opinion that the annexation of an area, or part thereof, already organized as a public utility district is, under the circumstances, here dealt with, not prohibited. 2 McQuillin, Municipal Corporations, 7.22, Note 84, Sec. 49–2–13, Clause (b).

■ ■ The Court finds that the areas sought to be annexed are contiguous to the City of Anchorage, that the requirements of the law have been substantially complied with, that no private rights will be injured by the annexation of such areas, and that it is just and reasonable that they should be annexed to the City.

An Order for an election in each case may, therefore, be presented.